IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **LINCOLN BENEFIT LIFE COMPANY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:05cv0353-FTM |
| **PETER J. LOOK,** | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Before the Court are Defendant Peter J. Look's Motion to Dismiss (Doc. No. 8) and his alternative Motion to Stay Pending Disposition of State Court Action (Doc. No. 39). Plaintiff Lincoln Benefit Life Company ("Lincoln Benefit") has filed its opposition to both motions (Doc. Nos. 14 and 43). For the reasons explained below, the Court will grant the Motion to Dismiss without prejudice. The Motion to Stay as well as Lincoln Benefit's Motion for Summary Judgment (Doc. No. 25), also pending, are thereby rendered moot

### I.   PROCEDURAL BACKGROUND

The procedural trajectory of this case is somewhat convoluted. It was filed on July 25, 2005 by Lincoln Benefit, requesting a declaratory judgment to resolve an insurance coverage dispute with Mr. Look. The next day, on July 26, 2005, Mr. Look filed a breach of contract action against Lincoln Benefit in Florida state court based upon the same coverage issue as that raised in this Court. In addition to naming Lincoln Benefit as a defendant, Mr. Look also asserted negligence claims against Look Insurance, Inc. ("Look Insurance"), of which Mr. Look was an employee and his deceased wife, prior to her death, was the sole officer, director and shareholder.[1] There is apparently no dispute that the contested policy was prepared for Mr. Look, and that Mr. Look himself prepared the contested insurance policy in his capacity as an Allstate Insurance Agent and employee of Look Insurance Company. His suit against Look Insurance on *respondeat superior* grounds is therefore based entirely on Mr. Look's own allegedly negligent acts in his capacity as employee for Look Insurance in preparing the policy that is the subject of this litigation.

Mr. Look filed his Motion to Dismiss this action on August 23, 2005, asserting that allowing the case to proceed in federal court would constitute "unnecessary and inappropriate 'gratuitous interference' with the

---

[1] The issue is whether the policy should provide life insurance benefits to Mr. Look as a result of the death of his wife. Mr. Look seeks reformation of the contract on the basis of mutual mistake.

more encompassing and currently pending state action." (Doc. No. 8, at 6 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).) On September 2, 2005, Lincoln Benefit removed Look's state-court action to federal court and filed its opposition to the motion to dismiss in this case, asserting that there was no longer a pending state action since Lincoln Benefit had removed it to federal court. Lincoln Benefit's removal notice was premised upon its contention that the joinder of Look Insurance, a Florida corporation whose presence in the case defeated diversity, was fraudulent because Mr. Look was in effect suing himself and therefore did not state a valid cause of action. On October 3, 2005, Mr. Look filed his motion to remand the other action back to state court, arguing that the joinder of Look Insurance was not fraudulent and that Lincoln Benefit had not met its burden of demonstrating, by clear and convincing evidence, that there was *no* possibility that Mr. Look would be able to establish a cause of action against Look Insurance in state court.

On November 7, 2006, Judge Covington entered an order in the declaratory action before this Court, *sua sponte*, staying the proceeding pending resolution of the motion to remand in the other case. (Doc. No. 21.) At that point, Mr. Look's motion to dismiss was terminated until entry of a ruling on the motion to remand. On May 18, 2006, Judge Covington, also presiding in the other case, granted the motion to remand the other action to state court. In a thoughtful and well reasoned opinion, the court concluded that, while it was highly doubtful that Mr. Look stated a valid cause of action against Look Insurance based upon his own negligent acts, the applicable law nonetheless required remand. *Look v. Look Insurance, Inc.*, No. 2:05cv417, Order (M.D. Fla. May 18, 2006) ("While the proposition that a person cannot sue himself is logical, the Florida precedent on the specific scenario presented here is scarce. The removing party bears the burden of persuasion. The cases cited by the defendants do not clearly establish that plaintiff's case is sham and frivolous. . . . While the Court is quite skeptical, the Court cannot clearly find that plaintiff has no cause of action against Look Insurance.")

Once the other case was remanded, the stay in this case was lifted (Doc. No. 23) and Mr. Look's Motion to Dismiss was eventually re-opened. The Motion to Stay, filed November 22, 2006, basically reiterates the same grounds in favor of a stay as those asserted in support of the earlier Motion to Dismiss. In both, Mr. Look insists that stay or dismissal is warranted on the basis that (1) allowing both causes of action to proceed will result in "piecemeal litigation" and (2) more comprehensive remedies are available in state court. There is no dispute that "[b]oth the State and Federal Court action[s] have one central and overriding

2

issue in controversy: Whether [the] Life Insurance policy issued by Lincoln Benefit includes coverage for Melissa Look? The parties are litigating that issue in both State and Federal Courts on State and Federal Declaratory Complaints that are virtually identical in their factual assertions." (Doc. No. 39, at 4.)

The question now before this Court is whether, under Supreme Court and Eleventh Circuit precedent, this Court has the discretion to retain jurisdiction of this declaratory action under the specific circumstances presented here.

## II. DISCUSSION

### A. Legal Standard

A federal court's decision whether to exercise jurisdiction in a declaratory judgment action is always discretionary, because the Declaratory Judgment Act, 28 U.S.C. § 2201, is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); *see id.* at 288 ("Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."). In other words, the statute grants federal courts *competence* to make a declaration of rights; it does not impose a *duty* to do so. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

The Supreme Court has made it clear that the discretionary standard set forth in *Brillhart* governs a district court's decision to stay or dismiss[2] a declaratory judgment action when there are parallel state court proceedings. *Wilton*, 515 U.S. at 289. In fact, it appears that when parallel state proceedings are pending, there is virtually a presumption *against* the exercise of jurisdiction in the federal declaratory judgment action:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495. The Eleventh Circuit has observed, in so many words, that *Brillhart*'s "warning should be heeded." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

In *Ameritas*, the Eleventh Circuit emphasized that "federalism, efficiency, and comity" require district

---

[2]In *Wilton*, the Supreme Court minimized the distinction between a district court's staying of the action and an outright dismissal, 515 U.S. at 288, because even when the federal action is stayed, a state court judgment ultimately would have preclusive effect.

courts to balance federal and state interests in determining how to exercise their discretion to hear a declaratory judgment action when confronted with a parallel state action. *Id.* at 1330–31. To assist district courts in this endeavor, the *Ameritas* court promulgated a non-exhaustive set of "guideposts" to be considered, including: (1) the state's interest in deciding the matter; (2) whether a judgment in the federal action would completely resolve the controversy; (3) whether the declaratory judgment action would clarify the parties' legal relations; (4) whether the federal action is a form of "procedural fencing" being utilized "to provide an arena for a race for res judicata or to achieve a federal hearing in a case not otherwise removable"; (5) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (6) whether a superior alternative remedy exists; (7) whether underlying facts are important to informed resolution of the matter and, if so, (8) whether the state court is better situated than the federal court to evaluate those facts; and (9) the nexus (if any) between the underlying issues and state law or policy, and whether federal common or statutory law requires resolution of the declaratory action. *Id.* at 1331 (adopting the factors enumerated in *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000), and *Centennial Life Ins. v. Poston*, 88 F.3d 255 (4th Cir.1996)). *See also Progressive Specialty Ins. Co. v. Bailey*, No. 06-0289-WS-C, 2006 WL 2091749, at *3–*6 (S.D. Ala. July 25, 2006), *and Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1238–44 (S.D. Ala. May 17, 2006) (declining to exercise jurisdiction over declaratory judgment actions filed by insurers after consideration of the *Ameritas* factors).

In addition to providing these "guideposts" to be considered in deciding a motion to dismiss or stay a declaratory judgment action on the basis of parallel state court proceedings, the *Ameritas* court also clarified the parameters of a district court's discretion generally, stating that an abuse of discretion "can occur in three principal ways: [1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Ameritas*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).

### B. Application of the *Ameritas* Factors

In light of this admonition, the Court will now consider and apply each of the nine guideposts enumerated by *Ameritas* in assessing the propriety of either abstaining or continuing to exercise jurisdiction

in this declaratory action. This endeavor, unfortunately, will be conducted without significant assistance from the litigants, as neither party's brief expressly addresses the *Ameritas* considerations.

The first *Ameritas* factor concerns "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts. 411 F.3d at 1331. Florida state courts undoubtedly have a substantial interest in deciding the issues raised in this lawsuit. The underlying state action is being litigated in Florida state court, and any ruling on Lincoln Benefit's coverage obligation in this action would have profound and preclusive effects on the state court litigation. Florida law governs the substantive issues in this case. Thus, the Court must conclude that Florida has a substantial stake in deciding the state law issues involved.

Second, the Court considers whether the judgment in the federal declaratory action would settle the controversy. *Ameritas*, 411 F.3d at 1331. The answer to this question is a somewhat equivocal "most likely." As discussed above, the state action includes a defendant that was not joined in the federal action—Look Insurance, Inc. Despite the remand order based on a finding that Look Insurance was not fraudulently joined in the state action (under the applicable standard in that context, which imposed an extremely high burden on the removing party), this Court finds it unlikely that Mr. Look would maintain his state court claims against Look Insurance if this Court resolved the claims between Look and Lincoln Benefit. Even if he were inclined to do so, it is probable that Mr. Look would not be entitled to a judgment against Look Insurance.[3] Thus, although technically the state action encompasses claims that are not present in the declaratory judgment action, the Court does not find this factor to weigh in favor of abstention.

Third, the Court must consider whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue. *Ameritas*, 411 F.3d at 1331. Certainly, determination of the parties' respective rights under the insurance policy would clarify the parties' legal relations. Further, if the Court

---

[3] Mr. Look's claims against Look Insurance apparently are premised entirely upon his own alleged negligence in his capacity as insurance agent and employee of Look Insurance. Under the doctrine of *respondeat superior*, Mr. Look can prevail against Look Insurance only if he demonstrates that Look Insurance's employee—Mr. Look himself, in this case—was negligent. *Geary v. Starr*, 418 So. 2d 1135, 1137 (Fla. 4th DCA 1982) ("An employer is vicariously liable for compensatory damages resulting from the negligent acts of employees committed within the scope of their employment even if the employer is without fault."). However, if Mr. Look, employee, was 100% negligent, then Mr. Look, plaintiff, was also negligent in the same degree, and would likely be barred from recovery on equitable grounds. Although there is no Florida law addressing the precise question presented in Mr. Look's state court action, this Court, like Judge Covington, is highly skeptical that Mr. Look's novel claims against Look Insurance will withstand judicial scrutiny on legal or equitable grounds.

retained jurisdiction, the parties could expect prompt resolution of their dispute, since a summary judgment motion is pending and the case is on this Court's January 2007 trial calendar. Conversely, according to Lincoln Benefit, the state court action is not yet on any trial calendar, and the parties have not indicated whether any dispositive motions are pending in state court nor when they could expect to go to trial in state court. While there is no question that the state court has the competence to clarify the parties' legal relations, given the immediacy with which this Court is in the position to do so, this factor weighs in favor of exercising jurisdiction.

The fourth factor identified by *Ameritas* is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for a race to *res judicata* or to achieve a federal hearing in a case otherwise not removable." *Id.* There is no evidence in this case that Lincoln Benefit has used this action as a tool in a race for *res judicata*. When Lincoln Benefit filed its declaratory judgment action, it likely suspected that Mr. Look might file suit against it in state court. At the same time, however, Lincoln Benefit had every reason to expect that it would have been able to remove the case to federal court on the basis of diversity jurisdiction, since Lincoln Benefit had no basis for suspecting that Mr. Look would name Look Insurance as a defendant in any action he might file. While Lincoln Benefit has actively sought to maintain federal jurisdiction over this controversy, by removing the state action to federal court on the grounds of fraudulent joinder and then by contesting the motion to remand, it had reasonable grounds for doing so. If any party has engaged in procedural fencing in this case, it is Mr. Look, who continues to assert the validity of his state claims against Look Insurance. This factor therefore does not weigh in favor of abstention.

The fifth *Ameritas* factor requires consideration of "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction." *Ameritas*, 411 F.3d at 1331. This "guidepost" points toward abstention, as "the potential for friction [is] inherent in having double-tracked, near-identical litigation pending in both federal and state courts, such that the first court's ruling on a particular issue may have *res judicata* effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations. The risk of improper encroachment exists for the same reasons." *Lexington Ins. Co.*, 434 F. Supp. 2d at 1241. Further, while this Court is fairly well persuaded that Mr. Look's negligence claims against Look Insurance in

the state action are not valid, as discussed above, for the Court even to make such a pronouncement at all constitutes an encroachment on state jurisdiction, given that (1) the claims are not before this Court and (2) the issues presented by the claims involve an unsettled area of state law. This factor therefore weighs in favor of abstention.

Number Six: *Ameritas* directs district courts to examine "whether there is an alternative remedy that is better or more effective." 411 F.3d at 1331. Mr. Look does not address this issue other than to argue that the remedy available in state court would be more complete, since an additional party and additional claims are before the state court that are not present here. Lincoln Benefit points out that it has a motion for summary judgment pending and ripe, and this matter is scheduled for trial on the Court's January 2007 docket. As discussed above, there is no doubt that this Court can handle the coverage issue matter more economically and expeditiously than can the state court at this point, since there is no indication that the matter has been docketed for trial in state court or that there are dispositive motions pending in state court. Further, the Court has indicated its skepticism regarding the validity of the claims against Look Insurance. The Court nonetheless finds that the presence of the claims against Look Insurance in the state action weighs in favor of abstention, since abstention would provide the state court the opportunity directly to address those claims while also considering the coverage issue, thereby avoiding piecemeal litigation. For that reason, the Court finds this factor to weigh slightly in favor of abstention.

The seventh and eighth factors *Ameritas* factors are "whether the underlying factual issues are important to an informed resolution of the case," and if so, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Id.* It is not apparent whether there are any significant factual disputes in this case. Mr. Look asserts that there are but has failed to file any documentary evidence in support of his factual allegations.[4] The Court therefore finds these to be neutral factors, neither weighing in favor of nor against the exercise of jurisdiction.

Finally, the ninth *Ameritas* guidepost directs us examine "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Id.* This factor unambiguously weighs in favor

---

[4] Mr. Look filed "Defendant's Notice of Filing" (Doc. No. 38) in which he stated that he was filing the deposition pages and exhibits referenced in his response in opposition to summary judgment. It nonetheless appears that the deposition transcript excerpts and exhibits were never actually filed with the court.

of abstention, because Lincoln Benefit's complaint raises state law issues exclusively and implicates state public policy, without any reference to federal common or statutory law.

Although the call is a very close one in this case, the Court finds that, considered collectively, the *Ameritas* guideposts point toward abstention. Lincoln Benefit's declaratory judgment action turns on Florida state law issues concerning when an insurance contract may be reformed. Although the state court complaint filed by Mr. Look does not seek a declaration, it implicates the same issues raised in federal court. While this Court is loathe to reward Mr. Look for his creative pleading tactics, the fact remains that his decision to name Look Insurance as a defendant in the state action raises a somewhat novel legal issue that has not been addressed by Florida courts and in any event is not squarely before this Court. The sole factor that weighs strongly in favor of this Court's continuing to exercise jurisdiction over this matter is the speed (and resulting efficiency and economy) with which this Court could resolve the coverage issue between Lincoln Benefit and Mr. Look, in light of the pending dispositive motion and the rapidly approaching trial date. Given the other considerations at stake, that benefit is not sufficient to sway the Court to continue to exercise jurisdiction in this matter. *Cf. State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000) (holding that district court abused its discretion in denying defendant's motion to dismiss and instead granting summary judgment for insurance company, given the existence of a parallel state action raising the same issues as the federal action but also included unresolved questions of state law).

In sum, resolution of this action might not completely and finally resolve this dispute, and, regardless of the outcome here, could leave the issue of Look Insurance's possible liability for resolution in the Florida State action. That kind of piecemeal litigation, and the ensuing friction, gratuitous interference and unease between state and federal courts confronted with precisely the same issues presented by the same litigants, counsels against exercising jurisdiction here. *See Ameritas*, 411 F.3d at 1332 (finding that allowing declaratory judgment action to proceed would amount to gratuitous interference with more encompassing, currently pending state court action); *Poston*, 88 F.3d at 257 ("[A]t least where another suit involving the same parties and presenting opportunities for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed." (citations omitted)). Consequently, the Court finds that *Wilton's* concern for "practicality and wise judicial administration" would be poorly served by retaining jurisdiction here.

### C. Remedy

Having applied the *Ameritas* guideposts to conclude that abstention will promote the interests of practicality, comity and the administration of justice, the Court now must decide whether to dismiss or stay this action.

In *Wilton*, the Supreme Court observed that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n. 2; *see also Gatewood Lumber, Inc. v. Travelers Indem. Co.*, 898 F. Supp. 364, 369 (S.D.W. Va.1995) (staying declaratory judgment action, rather than dismissing it under Wilton, "to alleviate the risk of a possible time bar to otherwise viable causes if the State action fails to resolve all matters in controversy"). On the other hand, numerous courts engaging in abstention pursuant to *Brillhart* and *Wilton* have instead elected to dismiss the declaratory action without prejudice. *See, e.g., Ameritas*, 411 F.3d at 1332 (finding no abuse of discretion in district court's decision to dismiss declaratory judgment action in favor of parallel state court action); *Summy*, 234 F.3d at 136 (vacating district court's decision to exercise jurisdiction over declaratory judgment action and remanding with instructions that the complaint be dismissed pursuant to *Wilton*); *Poston*, 88 F.3d at 258 (affirming dismissal of declaratory judgment action without prejudice where parallel state court action would resolve the issue raised in federal court along with a number of issues not raised in the federal action).

Neither of the parties here has suggested there would be any risk of a time bar with respect to Lincoln Benefit's claims here. Further, resolution in the state court of the coverage issue between Lincoln Benefit and Mr. Look will be binding in this Court. Based on these considerations and in the absence of any countervailing arguments by the parties, this action will be dismissed rather than stayed.

### III. CONCLUSION

For all of the foregoing reasons, defendant Peter J. Look's Motion to Dismiss will be granted and this action dismissed without prejudice.

A separate Judgment will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge